UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-00557-PA (SK) | Date | March 22, 2018 |
|---|---|---|---|
| Title | Phann Pheach v. Kirstjen Nielsen, et al. | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|

| Connie Lee | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
|---|---|
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER REQUIRING RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, a prisoner in the custody of Immigration and Customs Enforcement, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.  **IT IS ORDERED** as follows:

1. The Federal Public Defender's ex parte motion seeking appointment as Petitioner's counsel of record is GRANTED.

2. The Clerk will promptly serve copies of the petition and this Order on the United States Attorney for the Central District of California.  The assigned Assistant United States Attorney must file a notice of appearance in the action within 14 days from the date of this Order.

3. Within 14 days from the date of this Order, the assigned Federal Public Defender and assigned Assistant United States Attorney shall file separate or combined notices of whether the parties consent to Magistrate Judge jurisdiction.  No adverse substantive consequences exist for any party declining consent to Magistrate Judge jurisdiction.

4. The United States Attorney must file a response to the petition within 30 days from the date of this Order.  The response may be either an answer or a motion to dismiss (as discussed below).  The United States Attorney must electronically lodge (in the manner required by Local Rule) copies of all pertinent documents at the time of that filing.  **NOTE:** Judge Kim does not require the United States Attorney to provide a paper copy of the electronically lodged records.

5. If the United States Attorney files an answer, it must address the merits of all grounds for relief asserted in the petition.  The United States Attorney must also raise any applicable procedural issues (such as compliance with the statute of limitations or the exhaustion requirement as provided by statute) that it wishes to assert.  **NOTE:**  If the United States Attorney's answer includes a lengthy statement of the underlying facts or the state court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-00557-PA (SK) | Date | March 22, 2018 |
|---|---|---|---|
| Title | Phann Pheach v. Kirstjen Nielsen, et al. | | |

procedural history, this information may be moved to an Appendix without filing a request to submit an oversize brief.

      6.     Petitioner's optional reply will be due within <u>30 days</u> of the filing of the answer. The Court will then take the matter under submission without hearing. Even if Petitioner does not intend to file a reply to the answer, he must file a notice of such intent within <u>30 days</u> of the filing of the answer. The Court will then take the matter under submission without hearing. *See* Local Rule 7-15.

      7.     Alternatively, the United States Attorney may file a motion to dismiss on grounds other than the merits of Petitioner's claims, including failure to exhaust remedies, untimeliness, or procedural default. Petitioner's opposition will be due within <u>30 days</u> of the filing of the motion. Neither the motion nor the opposition may exceed 15 pages (exclusive of tables and exhibits) but for good cause shown. The United States Attorney's optional reply will be due within <u>14 days</u> of the filing of the opposition.

      8.     If the Court denies a dismissal motion, the United States Attorney shall file its answer within <u>30 days</u> of the date of the denial order without further order of court. Petitioner's optional reply to the answer, or notice of intent not to file a reply, shall thereafter be due within <u>30 days</u> of service of the answer without further order of court.

      9.     If at any time Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a) by filing a "Notice of Dismissal" on Form CV-009.

      10.    No document, including the answer to the petition or the optional reply to the answer, may exceed <u>25 pages</u> in length (exclusive of tables and exhibits) without leave of court under the Local Rules of the Court. This applies to all briefs, including any memorandum submitted in support of or opposition to the petition. Any request to file an oversize brief or memorandum shall be filed no later than <u>one week before</u> the filing deadline and set forth good cause. Such requests that are received by the Court simultaneous with the filing of an oversize document may in the discretion of the Court be summarily rejected and the oversize brief returned without filing. NOTE: If the United States Attorney's answer must include a lengthy statement of the underlying facts or procedural history that is copied verbatim from the trial court record, this information may be moved to an Appendix without filing a request to submit an oversize brief.

\* \* \*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-00557-PA (SK) | Date | March 22, 2018 |
|---|---|---|---|
| Title | Phann Pheach v. Kirstjen Nielsen, et al. | | |

**NOTICE IF PETITIONER PROCEEDS PRO SE IN THE FUTURE:** In the event that in the future Petitioner becomes unrepresented, Petitioner is additionally advised of the following requirements for preparing and submitting documents in this case as an unrepresented party:

1.  Petitioner is bound by the Local Rules of the Court. Attached to this order is a digest of the Local Rules most relevant to pro se prisoner litigation, titled "Select Local Civil Rules for Habeas Cases."

2.  All documents sent to the Court should be addressed to: "Clerk, U.S. District Court, 312 N. Spring St., Los Angeles, CA 90012." No documents or letters should ever be sent to the judge or the judge's staff.

3.  Each document must include the title and case number (including judges' initials). Documents should have at least a one-inch margin at the top of each page, and should be printed or neatly handwritten on one side of the paper only.

4.  Petitioner must mail the Court the original and one copy of each document. Photocopies, printed copies, or clear handwritten copies are acceptable. The original and copy should be mailed in a single envelope. Petitioner should keep a copy of any document sent to the Court.

5.  After the Court has ordered a response to the petition, Petitioner must file any future document with the Court and serve it on the United States Attorney by mailing a copy to the assigned Assistant United States Attorney at the address given on court orders or Respondent's filings. Petitioner must attach a "proof of service" to the document when it is filed with the Court. The proof of service must state that a copy of the filed document was mailed to the Assistant United States Attorney and when it was mailed. The Court may disregard any document that is submitted without a valid proof of service.

6.  At the top of the first page of any document sent to the Court, Petitioner must give his or her name and mailing address, including prisoner number, other identification number, and any other information needed for mail to be delivered. The Court will assume that the address is correct and will use it until informed otherwise. It is Petitioner's responsibility to notify the Court and the United States Attorney of any change of address and the effective date of the change. If Petitioner fails to keep the Court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-cv-00557-PA (SK) | Date | March 22, 2018 |
|---|---|---|---|
| Title | Phann Pheach v. Kirstjen Nielsen, et al. | | |

**If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of his current address, the Court may dismiss the action with or without prejudice for want of prosecution.**

**THE COURT EXPECTS STRICT COMPLIANCE WITH ALL TERMS OF THIS ORDER, THE RULES GOVERNING SECTION 2241 CASES, AND THE LOCAL RULES OF THIS COURT.**