PHANN PHEACH
*In Pro Per*
A# 027-327-151
Adelanto Detention Facility
10250 Rancho Rd.
Adelanto, CA 92301



# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

PHANN PHEACH

PETITIONER,

v.

KIRSTJEN NIELSEN, Secretary of the Department of Homeland Security; JEFF SESSIONS, Attorney General of the United States: DAVID MARIN, Los Angeles Field Office Director, Bureau of Immigration and Customs Enforcement; GABRIEL VALDEZ, Assistant Field Office Director, Adelanto Detention Facility, WARDEN, Geo Group, Adelanto Detention Facility

RESPONDENT.

No. CV **EDCV18-0557-PA(SK)**

DHS Case No.: A# 027-327-151

**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY (28 U.S.C. § 2241); MEMORANDUM OF POINTS AND AUTHORITIES; EXHIBITS**

(Filed in lieu of form CV-27)

# PETITION[1]

1. **Place of Detention:** At the time of filing the initial petition, Petitioner is detained by Immigration and Customs and Enforcement ("ICE") at the Adelanto Detention Facility in Adelanto, California.

2. **Name and Location of Court Which Imposed Removal Order:** Executive Office of Immigration Review, Eloy, Arizona.

3. **The Immigration Case Number:** DHS ("Department of Homeland Security") A#027-327-151.

4. **The Date Upon Which Removal Order Was Imposed:** Mr. Pheach was ordered removed by an Immigration Judge on June 20, 2006.

5. **Check Whether a Finding of Guilty Was Made:** Not applicable.

6. **If You Were Found Guilty After a Plea of Not Guilty, Check Whether that Finding Was Made by A Jury or Judge Sitting Without a Jury:** Not applicable.

7. **Did You Appeal from the Removal Order?** No.

---

[1] This Petition, while filed by Mr. Pheach *in pro per*, was drafted with substantial assistance by the Office of the Federal Public Defender.

2

**8. If You Did Appeal, Give the Following for Each Appeal:** Not applicable.

**9. State concisely every ground on which you claim you are being held unlawfully. Summarize briefly, the facts supporting each ground.**

  **a.**  **Ground One:** Continued detention in this matter violates *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(2) does not authorize indefinite detention. Rather, detention is only permitted for the purposes of effectuating removal. *See id.* at 699-700. Thus, an alien may only be detained for a period reasonably necessary to bring about the alien's removal from the United States. *See id.* For the purposes of practicality, the Supreme Court recognized a "presumptively reasonable period of detention" of six months. *See id.* at 701. Then,

> [a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.

*Id.*

  **Supporting Facts:** It appears that Immigration and Customs Enforcement ("ICE") has detained Mr. Pheach for the presumptively reasonable six month period. He received a final order of removal on June 20, 2006. Upon information and belief, ICE held Mr. Pheach in detention until approximately October 2006. ICE again took him into detention on or about October 5, 2017, and he remains detained to this date. In total, he has been detained beyond the presumptively constitutional six month period.

Despite having a removal order for over a decade, ICE has been unable to obtain the travel documents necessary to deport him to Cambodia. Moreover, it is unclear if Cambodia recognizes him as a citizen, as his parents were of mixed national heritage.

**10. Have You Filed Previous Petitions of Habeas Corpus, Motions Under Section 2255 of Title 28, United States Code, or Any Other Applications, Petitions or Motions With Respect to the Removal Order?** Mr. Pheach filed a motion to reopen his removal order, which was denied by the Immigration Judge on March 2, 2018.

**11. If Your Answer to Question No. 10 Was Yes, Give the Following Information:** Not applicable.

**12. Do you have any petition, appeal or parole matter pending in any court, either state or federal, as to the removal order under attack?** No.

**13. Are you presently represented by counsel?** No. However, petitioner is applying for appointment of counsel concurrently with this petition.

**14. If you are seeking leave to proceed *in forma pauperis*, have you completed the declaration setting forth the required information?** Not applicable.

**WHEREFORE, petitioner prays that the court hold an evidentiary hearing and grant petitioner relief to which he may be entitled in this proceeding.**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: 3/14/18   By: /s/ 
PHANN PHEACH
Petitioner in *Pro Per*

5

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

Phann Pheach has been in post-removal order detention for an aggregate period of six months. Immigration authorities' apparently inability to obtain the travel documents necessary to remove him suggests that there is no reason to believe that he will be removed in the reasonably foreseeable future. Accordingly, this Court should grant the habeas petition and order that Mr. Pheach be released on appropriate conditions.

### II. ANALYSIS

**A. Mr. Pheach Must Be Released Because There is No Good Reason to Believe Mr. Pheach Will Be Deported in the Reasonably Foreseeable Future.**

In *Zadvydas v. Davis*, 533 U.S. 678 (2001) the United States Supreme Court confronted the question of whether the Immigration and Nationality Act allowed the Immigration and Naturalization Service ("INS") to detain aliens indefinitely while it sought to have them removed. Title 8, U.S.C. §1231(a)(1) provides that the INS shall remove an alien within 90 days of his removal order; 8 U.S.C. § 1231(a)(2) provides that the Attorney General shall detain the alien during the removal period. Title 8, U.S.C. § 1231(a)(3) provides for the supervision of aliens in the community after the 90-day period. But 8 U.S.C. § 1231(a)(6) provides that certain aliens may be detained even after the 90-day period. In *Zadvydas*, the Supreme Court interpreted these statutes against the backdrop of the requirements of the Due Process Clause of the Fifth Amendment to the United States Constitution and held that the statute does not authorize indefinite detention. *Id.* at 688-92. Rather, detention is only permitted for the purposes of effectuating removal. *See id.* at 699-700. Thus, an alien may only be detained for a period

reasonably necessary to bring about the alien's removal from the United States. *See id.*

For the purposes of practicality, the Supreme Court recognized a "presumptively reasonable period of detention" of six months. *See id.* at 701. Then,

> [a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.

*Id.*

It appears that ICE has already detained Petitioner for the presumptively reasonable six-month period. He received a final order of removal on June 20, 2006. Upon information and belief, ICE held Mr. Pheach in detention until approximately October 2006. ICE again took him into detention on or about October 5, 2017, and he remains detained to this date. In total, he has been detained beyond the presumptively constitutional six month period.

Despite having a removal order for over a decade, ICE has been unable to obtain the travel documents necessary to deport him to Cambodia. Moreover, it is unclear if Cambodia recognizes him as a citizen, as his parents were of mixed national heritage.

### III. CONCLUSION

For the foregoing reasons, Mr. Pheach respectfully requests the Court grant his writ of habeas corpus and that he be released under reasonable conditions of

supervision. Alternatively, Mr. Pheach requests that the Court set a hearing in this matter and require Respondents to produce Mr. Pheach for the hearing.

# **PROOF OF SERVICE**

I, the undersigned, declare that I am a resident or employed in Los Angeles County, California; that my business address is the Office of the Federal Public Defender, 321 East 2nd Street, Los Angeles, California 90012-4202; that I am over the age of eighteen years; that I am not a party to the above-entitled action; that I am employed by the Federal Public Defender for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, and at whose direction I served the Petition; Ex Parte Application for Appointment of Counsel and [Proposed] Order Appointing Counsel.

On March 19, 2018, following ordinary business practice, service was placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

Civil Process Clerk
United States Attorney's Office
Central District of California
300 North Los Angeles Street
Suite 7516
Los Angeles, California 90012

This proof of service is executed at Los Angeles, California, on March 19, 2018. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: March 19, 2018        By: *Rosalinda Lozano*
                                 Rosalinda Lozano

7